Fisher-RL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-150-CR

     ROBERT LEE FISHER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 283rd District Court
Dallas County, Texas
Trial Court # F94-53021-T
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Robert Lee Fisher was charged by indictment with the offense of aggravated
robbery, a first degree felony under § 29.03, Tex. Penal Code Ann. (Vernon 1994). Appellant
pleaded not guilty and trial was before a jury. The indictment also contained an enhancement
paragraph showing Appellant had a prior felony conviction. Appellant pleaded not true to the
prior conviction.
      The jury found Appellant guilty as charged in the indictment, found the enhancement
paragraph to be true, and sentenced Appellant to 15 years' confinement in the Texas Department
of Criminal Justice, Institutional Division. Appellant's counsel filed an Anders brief, to which the
State responded. The court allowed Appellant's counsel to withdraw, after which Appellant filed
a pro se brief asserting one point of error contending Batson errors were committed concerning
the State's peremptory challenges to three members of the jury panel. More specifically,
Appellant contends that the prosecutor improperly struck veniremembers No. 6 (Frank Bradford,
Jr.), No. 20 (Richard Harris), and No. 24 (Marie Jamison) based on their race. In the Batson
hearing conducted by the trial court, the court ruled that the prosecutor gave race-neutral reasons
for the three strikes in question. We agree with the trial court's action, and thereby overrule
Appellant's point of error and affirm the trial court's judgment.
      The Equal Protection Clause of the U.S. Constitution limits a prosecutor's privilege to
peremptorily strike potential jurors. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90
L.Ed.2d 69. The Texas Legislature has codified Batson in Art. 35.261, Tex. Code Crim. Proc.
Ann.S (Vernon 1989). Our Court of Criminal Appeals has held that the correct standard of
review for claims that peremptory strikes were used in a racially-discriminatory manner is the
"clearly erroneous" standard. Hill v. State, 827 S.W.2d 860, 865 (Tex. Crim. App. 1992).
      The State's reason for striking a particular juror need not rise to the level of a challenge for
cause; it need be only race-neutral. Tompkins v. State, 774 S.W.2d 195, 200 (Tex. Crim. App.
1987), aff'd, 490 U.S. 754, 109 S. Ct. 2180, 104 L.Ed.2d 834 (1989).
      Appellant's first complaint regards venireperson No. 6, Frank Bradford, Jr. In response, the
prosecutor explained that Bradford was struck when the parties' theory was explained to him. 
Bradford did not feel that a person without the gun was as guilty as the person with a gun. 
Bradford stated that if someone didn't have a gun but was acting as a party to an aggravated
robbery, he should only be charged with robbery because that person probably didn't know that
the person with the gun had a weapon. On questioning from defense counsel, Bradford said he
could find a person guilty of aggravated robbery if the accused knew there was to be a firearm
used in the robbery.
      Appellant also asserts that venireperson No. 24, Marie Jamison, was struck by the prosecutor
for reasons based on race. The prosecutor struck Jamison because she agreed with several people
who did not feel that someone who did not have a weapon was as guilty as a person with a weapon
in an aggravated robbery case. Upon being questioned by defense counsel, Jamison said she had
no problem with following the law if the State proved that another person had a firearm in an
aggravated robbery, and the defendant was a party to it.
      Appellant complains that venireperson No. 20, Richard Harris, was struck based on his race. 
The prosecutor responded that when asked by defense counsel if he could follow the law
concerning parties, and the difference between aggravated robbery and robbery based on who had
the weapon, Harris shrugged and said, "If it's proven, I suppose so." When Harris had been
questioned by defense counsel, Harris was asked if he could follow the law of parties, if it was
proved to him that Appellant was a party to aggravated robbery, and Harris said, "If it was
proven, I suppose so." Defense counsel pursued with the question, "If it's proven, you can do it,
can't you, sir?" and Harris replied, "Yes." 
      In Green v. State, 839 S.W.2d 935, 939 (Tex. App.—Waco 1992, pet ref'd), this court held
that striking someone who expresses doubt about considering the full range of punishment is race-neutral even if that venireperson is ultimately rehabilitated. The facts in the case at bar are similar
to Green. In our case, all three venirepersons expressed doubt about assessing the full range of
punishment, or even finding Appellant guilty of aggravated robbery based on their answers: 
Bradford and Jamison said a party would not be as guilty as the person with the gun, and Harris
said he "supposed" he could follow the law of parties if the difference between robbery and
aggravated robbery was proven to him based on who had the weapon. Although it may be argued
that all of the venirepersons were rehabilitated, the strikes by the prosecutor were race-neutral
because of the jurors' initial doubt.
      Since the prosecutor's explanations were race-neutral and Appellant did not rebut the
explanations, the trial court's findings were not clearly erroneous. Williams v. State, 804 S.W.2d
95 (Tex. Crim. App. 1991), cert. denied, 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed 2d 1038.
      Judgment of the trial court is affirmed.
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)
Before Justice Cummings,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed June 5, 1996
Do not publish